Filed 6/27/16  Spanos v. Dreyer, Babich, Buccola & Callaham CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ANGELA SPANOS, | C077235 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2013-00137950-CU-PN-GDS) |
| v. | |
| DREYER, BABICH, BUCCOLA & CALLAHAM, LLP, et al., | |
| Defendants and Respondents. | |

In this legal malpractice case, plaintiff Angela Spanos (Spanos) sued her former lawyers, Dreyer, Babich, Buccola & Callaham, LLP, and Robert Bale (collectively, Dreyer), alleging malpractice in connection with a mediation session that settled both an underlying tort case and a related workers' compensation claim.  After a hearing at which Spanos's counsel agreed the first amended complaint did not state a cause of action, the trial court sustained a demurrer with leave to amend.  After Spanos did not amend, the trial court entered a judgment from which she timely appealed.

1

As the parties brief this case, it turns on the application of the mediation privilege (Evid. Code, § 1119) which has been interpreted by our Supreme Court to bar legal malpractice claims arising out of mediation. This bar applies even in cases of alleged fraud, deception, and coercion by counsel, because the mediation privilege makes it impossible to know what was said and done during the mediation. (*Cassel v. Superior Court* (2011) 51 Cal.4th 113, 118-119, 128-138; see *Amis v. Greenberg Traurig LLP* (2015) 235 Cal.App.4th 331, 339; *Wimsatt v. Superior Court* (2007) 152 Cal.App.4th 137, 163.) Spanos offers reasons why her case is exceptional, and Dreyer defends the judgment.

However, the first amended complaint is not in the record on appeal.

In the factual section of her brief, Spanos cites to purported excerpts of the operative complaint contained in her opposition to Dreyer's motion to strike that complaint. She also cites to the underlying settlement agreement--of which she sought judicial notice in the trial court--although it does not appear the trial court granted that request. The factual section of Dreyer's brief cites to Spanos's *original* complaint, filed by her in propria persona, attached to a declaration filed in support of Dreyer's demurrer, Dreyer's points and authorities, and Dreyer's motion to strike the first amended complaint.

On appeal from an order sustaining a demurrer, we review the operative complaint to determine whether a cause of action is stated. (See *Blank v. Kirwin* (1985) 39 Cal.3d 311, 318.) "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Ibid.*) We cannot do this without the operative complaint.[1]

---

[1] Counsel for appellant failed to appear at oral argument. Counsel for respondent appeared and argued briefly. He indicated he had been served in the appellate litigation with a motion by appellant seeking to augment the record to include the operative complaint. Our records reveal that such a motion was submitted to this court by appellant in December 2015 but was *returned unfiled* due to procedural irregularities. Our records

2

"When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two." (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.)

The designation of record prepared by counsel for Spanos does not include the operative complaint. It was Spanos's burden, as the appellant, to provide us with a record adequate for review. (See *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9) We presume judgments and orders are correct, and it is up to the appellant to show otherwise. (See *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.)

In a similar case another court observed, "plaintiffs have failed to include in the record either the operative complaint or the demurrers, thus making it impossible for this court to review the complaint de novo to determine whether it states a cause of action. On that basis alone, we must reject plaintiffs' claim." (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 478.)

Although, we have more to go on than the appellate court in *Bains*, in that the parties have cobbled together information *about* the operative complaint from a superseded complaint and from papers connected to a motion to strike the complaint, we should not have to infer what the operative complaint actually says. Spanos could easily have included that critical document in the record on appeal, as was her burden, and we see no reason to excuse her failure to do so. (Cf. *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116 [summary judgment; "de novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues"].)

do not show that the motion was ever corrected and resubmitted for filing. Thus, we were never properly asked to augment the record to include the operative complaint.

Accordingly, because Spanos has not supplied us with an adequate record for review, we decline to address her substantive claims.

## DISPOSITION

The judgment is affirmed. Spanos shall pay Dreyer's costs on appeal. (Cal. Rules of Court, rule 8.278, (a)(2).)

/s/
Duarte, J.

We concur:

/s/
Robie, Acting P. J.

/s/
Renner, J.

4